341 So.2d 1326 (1977)
Tom KEY, Jr., et al.
v.
Louis J. WISE et al.
No. 48965.
Supreme Court of Mississippi.
February 2, 1977.
Rehearing Denied February 23, 1977.
C.M. Murphy, Memphis, Tenn., for appellants.
Vardaman S. Dunn, Jackson, Walter R. Bridgforth, Yazoo City, for appellees.
Before PATTERSON, P.J., and SMITH and LEE, JJ.
SMITH, Justice, for the Court:
This is an appeal by Tom Key, Jr., and others, from a decree of the Chancery Court of Humphreys County canceling their claims to certain Humphreys County real estate as "doubts, clouds or suspicions" upon the title of appellees, Louis J. Wise, and others, thereto.
The Keys, as descendants and heirs at law of Alf Key and Carrie Key, deceased intestate, claimed the property by inheritance from them. The Wises, appellees here, claimed that they had entered the land under color of title and had become and were the owners thereof by adverse possession for more than 31 years and that the claims of ownership by the Keys constituted clouds upon their title which they were entitled to have canceled or removed.
A great deal of evidence, oral and documentary, was submitted to the chancellor by both sides, resulting in a six volume record in this Court. From this record it appears that the case was well tried and it has been thoroughly briefed and argued here.
It is the contention of appellees that they entered the land under color of title prior to 1932, that since then they have been in the actual possession thereof for the entire period which has since elapsed, such possession having been open, visible, notorious, uninterrupted, continuous, peaceful, hostile, exclusive and adverse, claiming to be the owners thereof as against all the world, that by virtue of such possession for more than 31 years their title has matured and has been established and that all right, title and interest of appellants to the land, if any, is now barred and precluded.
Accepting as established, as we must, all that the evidence proved or reasonably tended to prove which supports the chancellor's decree, as well as all inferences favorable thereto which reasonably may be drawn from the evidence, we are unable to say that the chancellor, as trier of facts, was manifestly wrong in finding that title had matured in appellees by their adverse *1327 possession of the land for more than the statutory period of 31 years and that the claims of appellants had become barred. The evidence was sufficient to support the factual conclusion that the possession of the land by appellees, under color of title, fulfilled in essential particulars the criteria laid down by this Court in Quates v. Griffin, 239 So.2d 803 (Miss. 1970), modifying Nichols v. Gaddis and McLaurin, 222 Miss. 207, 75 So.2d 625, 78 So.2d 471 (1954), a case in which substantially similar issues were involved.
Finally, the Keys contend that a Federal statute [28 U.S.C. § 2409a (Supp. 1976)] extended the period necessary to establish title by adverse possession from 10 years, the minimum required by the Mississippi statute to 12 years, and also deprived the Humphreys County Chancery Court of jurisdiction. This was asserted, in substance, in a suit filed by the Keys in the U.S. District Court in July, 1972, in which the United States was made a defendant and which was predicated upon the conveyance by the Wises to the United States in August, 1961, of an easement for a dam which actually was constructed on the land by the U.S. Corps of Engineers in 1962.
28 U.S.C. § 2409a provides, in part:
(a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest,
.....
(b) The United States shall not be disturbed in possession ... pending a final judgment or decree,... and if the final determination shall be adverse to the United States, the United States nevertheless may retain such possession ... upon payment ... of ... just compensation for such possession or control.
(c) The complaint shall set forth with particularity the nature of the ... interest claimed by the United States.
The statute contains a 12 year limitation upon commencement of an action under its provisions:
(f) Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States.
In the present case there is no "interest claimed by the United States" which is controverted by the Wises and the United States is not a party. The quoted statute does not apply in disputes between private parties as to the private ownership of land or deprive the Mississippi courts of jurisdiction of litigation involving the interests of private persons in Mississippi real estate.
In the Keys' United States District Court suit the district judge declined to proceed and entered an order holding it in abeyance pending the outcome of the present litigation between the Keys and the Wises. Upon final termination of this suit the District Court doubtless will proceed with the disposition of the Keys' suit in which the United States is a defendant.
The decree appealed from must be affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.