No. 81–187.   KEY ET AL. *v.* WISE ET AL.   C. A. 5th Cir. Certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL and JUSTICE BLACKMUN join, dissenting.

Petitioners, the Keys, brought this action in the District Court for the Northern District of Mississippi against respondents, the Wises and the United States. They sought to quiet title to 451 acres of land in Humphreys County, Miss., over which the United States had acquired two easements from the Wises. The Federal Quiet Title Act[1] vests *exclusive* original jurisdiction of such suits in the federal district courts and waives the sovereign immunity of the United States only in respect to such suits. The District Court first denied motions of the Wises and the United States to dismiss the suit. This was correct in light of the Act. But the court

---

[1] 28 U. S. C. §§ 1346(f), 2409a (enacted Oct. 25, 1972).

Title 28 U. S. C. § 2409a provides in pertinent part:

"(a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights."

Title 28 U. S. C. § 1346(f) provides:

"The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States."

then, *sua sponte,* entered an order of abstention remitting the parties to initiation of an action in the state courts of Mississippi.[2] That order was a patent flouting of the congressional mandate pre-empting state court jurisdiction and requiring the District Court to exercise its original and exclusive jurisdiction. Nonetheless, petitioners' motion for reconsideration was denied. The Court of Appeals for the Fifth Circuit, without filing an opinion, dismissed the appeal and denied petitioners' motion to stay state court proceedings pending appeal.

The Wises brought suit meanwhile against petitioners in Mississippi Chancery Court, which declared title in the Wises. While the case was pending before the Mississippi Supreme Court, petitioners sought a writ of mandamus from the Court of Appeals to order the District Court to rescind the abstention order. The application was denied by the Court of Appeals, again without opinion. We denied certiorari *sub nom. Key* v. *Keady,* 429 U. S. 1023 (1976). Having failed on their motion to reconsider, on their appeal from the abstention order, and on an extraordinary writ of mandamus, petitioners took the only recourse open to them: They objected to the Chancery Court's exercise of jurisdiction in the Mississippi Supreme Court on the ground that under the Federal Quiet Title Act the United States District Court had *exclusive* jurisdiction. The Mississippi Supreme Court rejected petitioners' pre-emption objection based on the Quiet Title Act on the ground that since the Wises, as plaintiffs in the suit, did not controvert any interest claimed by the United States, the Quiet Title Act was irrelevant to the state court suit. *Key* v. *Wise,* 341 So. 2d 1326 (1977).

---

[2] The court stated, in rendering the abstention order:

"The Court is further of the view that as between these private litigants, . . . the state law questions regarding titles to real estate predominate in this case and it is an area in which the Chancery Court of Humphreys County and the Mississippi Supreme Court has *[sic]* expertise and the parties should repair to those courts for a determination of these questions." App. to Pet. for Cert. A–39.

The District Court's abstention order directed the parties to return to federal court following final judgment in the state court suit.[3]  Accordingly, the parties returned to the District Court.  Thereupon the Wises moved to dismiss petitioners' suit on the ground that the state court judgment was res judicata.  Inexplicably, the District Court granted the motion and, even more inexplicably, a divided panel of the Court of Appeals for the Fifth Circuit affirmed.  629 F. 2d 1049 (1980).  And today this Court, incomprehensibly, denies the Keys' petition for certiorari.  I respectfully dissent.

The significance of a state court acting in an area of exclusive federal jurisdiction is such that we have held that even a contempt conviction for violation of a state court order in a matter pre-empted by federal law may be void and of no effect.  See *In re Green*, 369 U. S. 689, 692 (1962).  Thus, this case is a most obvious candidate for summary reversal, or at the very least for the grant of plenary argument and decision. Even the Government, a prevailing party under the Court of Appeals' judgment, regards the federal jurisdictional issue of such moment, and the error below so egregious, that the Solicitor General has submitted a memorandum in support of the petition, which states that this is a case in which a federal appellate decision "has so far departed from the accepted and usual course of judicial proceedings . . . as to call for an exercise of the Court's power of supervision," quoting Rule 17.1(a) of this Court's Rules, and suggests that "the Court may wish to consider summary reversal."  Memorandum for United States 13.

---

[3] The first abstention order provided that "when any suit filed in the state forum results in a final judgment on the issues involved, this Court will proceed to a final disposition of this action and grant such relief as may then be appropriate." *Id.*, at A–41.  The second abstention order, which was issued when the District Court denied the motion for reconsideration, provided that "upon the final outcome of the litigation instituted by defendants in the Chancery Court of Humphreys County, counsel for plaintiff and defendants [shall] notify this court of the issues then remaining in the cause." *Id.*, at A–47.

What renders the Court's denial of the petition particularly inexplicable, indeed incredible, is that the Court of Appeals held that the order of abstention was clearly improper because it patently flouted the mandate of the Quiet Title Act and the District Court's original and exclusive jurisdiction of the case. Indeed, the Court of Appeals also held that the abstention order was improper because Mississippi property law, although perhaps difficult to ascertain, "was in no sense unsettled." 629 F. 2d, at 1059. See *Colorado River Water Conservation District* v. *United States*, 424 U. S. 800, 813–817 (1976). Finally, the Court of Appeals strongly suggested that the Mississippi Supreme Court had misinterpreted the Quiet Title Act in asserting that the Mississippi courts could exercise jurisdiction of cases within that Act. 629 F. 2d, at 1057–1058.[4] Yet the Court of Appeals' extraordinary conclusion was that the Mississippi Supreme Court's decision in favor of its jurisdiction collaterally estopped further consideration of that question upon the parties' return to the District Court pursuant to the express provision of the abstention order. *Id.*, at 1061–1068.

The Keys were not voluntarily before the Mississippi courts on the question of jurisdiction. The federal courts had denied a motion to reconsider, an appeal, and a motion to

---

[4] Certainly the state court's interpretation of that Act is difficult to harmonize with our interpretation in *California* v. *Arizona*, 440 U. S. 59, 66–68 (1979). A further problem is that under the state court's rendering of the Act a claimant seeking to establish an interest in land adverse to an interest claimed by the United States can lose in state court but can never win because he cannot bind the United States in such an action. That was precisely the circumstance here. In the state court suit the Wises sued the Keys to clear a cloud on the title. But the Keys could not file a counterclaim in the state court to establish their interest in the land, since they would have to join the United States as a defendant. Although the Keys were thus put at risk in the state court proceeding, they could not establish their own interest. As the dissent below noted: "Certainly congressional policy ought not to be flouted by the sheer circumstance of how the case comes out [in the state court]. Exclusivity should be applied with an even hand." 629 F. 2d, at 1071 (Brown, J.).

stay the state court proceedings. Petitioners continued to pursue their federal court remedies by seeking a writ of mandamus while the case was pending before the Mississippi Supreme Court. Petitioners raised the jurisdictional question in the Mississippi Supreme Court because that was the only forum then open to them to assert their claim that the Quiet Title Act pre-empted state jurisdiction.

Moreover, it is implicit in the abstention order that the District Court made the initial decision that the state courts had jurisdiction notwithstanding the Quiet Title Act. It follows that the District Court was free to review that determination on the parties' return, or at least that the Court of Appeals was free to review the District Court's decision.[5]

*England* v. *Louisiana State Board of Medical Examiners*, 375 U. S. 411 (1964), is precisely applicable to this situation, and compels summary reversal of the Court of Appeals' judgment, or at the least its plenary review by this Court. *England* held that while principles of *Pullman*[6] abstention may require a federal plaintiff to present unsettled questions of *state* law to the state court for initial determination, the litigant may not be compelled to submit questions of *federal* law to the state courts. 375 U. S., at 415. Abstention's "recognition of the role of state courts as the final expositors of state law implies no disregard for the primacy of the federal judiciary in deciding questions of federal law." *Id.*, at 415–416. It is certainly obvious that the question of the exclusiveness of the District Court's jurisdiction in this case is a question of federal law.

Even if petitioners would have been barred from raising the pre-emption claim had they "voluntarily" submitted the federal question to the state court, *id.*, at 421, in no sense can petitioners' submission in this case of the question of the state court's subject matter jurisdiction upon pain of waiver, and

---

[5] The Court of Appeals' two earlier decisions in this case would not bar consideration of this issue because neither was necessarily a determination on the merits of the abstention order or the claimed jurisdictional error. See *id.*, at 1055.

[6] *Railroad Comm'n of Texas* v. *Pullman Co.*, 312 U. S. 496 (1941).

after the federal courts had denied review, be deemed voluntary. The Federal District Court surely could not, consistent with our abstention cases and with *England*, send a litigant who properly invoked federal jurisdiction to state court instead for an interpretation of the *Federal* Quiet Title Act.

The Court of Appeals, however, found its decision supported by the "general rule" of finality of jurisdictional determinations expressed in *Durfee* v. *Duke*, 375 U. S. 106, 111 (1963): "'A judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the [second] court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.'" 629 F. 2d, at 1056. But nothing in *Durfee* remotely suggests that the District Court should have afforded estoppel effect to the state court's determination that it had jurisdiction in the face of the explicit provision of the Quiet Title Act to the contrary. *Durfee* is simply an application of the normal rules of collateral estoppel to jurisdictional determinations. The *England* procedure meets precisely the situation here, or alternatively is a clear exception to the "general rule" stated in *Durfee*.[7]

In sum, it is clear that neither the District Court nor the Court of Appeals was bound by the state court's interpretation of the Quiet Title Act nor was either barred from reconsidering that court's decision on the federal question.

---

[7] As we noted in *Durfee*, "the general rule of finality of jurisdictional determinations is not without exceptions." 375 U. S., at 114. Surely "the policy against the court's acting beyond its jurisdiction," see Restatement of Conflict of Laws § 451(2)(e) (Supp. 1948), cited in *Durfee*, 375 U. S., at 114, n. 12, is at a maximum where the plaintiff has been erroneously forced from the federal forum where he initiated his suit. Moreover, *Durfee* recognized specifically that "[d]octrines of federal pre-emption or sovereign immunity may in some contexts be controlling." *Id.*, at 114.

*Will* v. *Calvert Fire Ins. Co.*, 437 U. S. 655, 666 (1978), reserved the question, presented in this case, whether a federal court ever has the power to stay a proceeding in which it has exclusive jurisdiction, pending resolution of a state case. However, at this stage in the present case there is no reason to answer that question.

When Congress speaks definitively, as it has in the Quiet Title Act, state courts may not act to obstruct or unsettle the congressional design. Rather, the federal courts were required to enforce the Quiet Title Act, and since that Act preempted the state court's jurisdiction, petitioners were entitled to an opportunity to establish in the District Court, with federal discovery rules and federal procedures, that they had a superior claim to the disputed land. I would grant the writ for certiorari, reverse the judgment of the Court of Appeals, and remand for further proceedings, or, at the least, grant certiorari and set the case for oral argument.